# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISON

| | |
|---|---|
| NETWORK ARCHITECTURE INNOVATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> MINDGEEK USA, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Network Architecture Innovations LLC ("NAI" or "Plaintiff"), for its Complaint against Defendant MindGeek USA, Inc. ("MindGeek" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1.       This is an action for patent infringement of United States Patent No. 5,974,451 ("the '451 patent") entitled "System and Method for Distributing Bulletins to External Computers Accessing Wide Area Computer Networks".  A true and correct copy of the '451 patent is attached hereto as Exhibit A.  Plaintiff is the exclusive licensee to the '451 patent including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.  Plaintiff seeks monetary damages.

## THE PARTIES

2.       Plaintiff Network Architecture Innovations LLC is a limited liability company organized under the laws of the State of Texas with a place of business at 815 Brazos Street. Suite 500, Austin, TX 78701.

3.       Upon information and belief, MindGeek USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2300 Empire Ave.,

7th Floor, Burbank, CA 91504.  Defendant can be served with process through its registered agent at C T Corporation System, 818 W. Seventh St., Suite 930, Los Angeles, CA 90017.  Upon information and belief, MindGeek sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because:  Defendant is present within or has minimum contacts within the State of Texas and this judicial district; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

7.      More specifically, Defendant, directly or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and this judicial district including but not limited to the Accused Instrumentalities as detailed below.  Upon information and belief, Defendant has committed patent infringement in the State of Texas and this judicial district.  Defendant solicits and has solicited customers in the State of Texas and this judicial district.  Defendant has paying

customers who are residents of the State of Texas and this judicial district and who each use and have used Defendant's products and services in the State of Texas and in this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5, 974,451**

9. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10. On April 8, 2003, the '451 patent was duly and legally issued by the United States Patent and Trademark Office. On January 15, 2004, all right, title, and interest in and to the '451 patent was assigned to Falk Brauener, an individual residing in Germany. On January 23, 2015 Brauener granted to Empire IP LLC, a limited liability company organized and existing under the laws of the State of Texas, a worldwide exclusive license in and to the '451 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it as well as the right to transfer or otherwise assign its interest in the '451 patent. On June 5, 2015, Empire IP assigned its interest in and to the '451 patent to Plaintiff NAI, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it. By way of such assignment, Plaintiff is the exclusive licensee to the '451 patent and possesses all rights of recovery under the '451 patent, including the exclusive right to sue for infringement and recover past damages.

11. Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides methods and or systems that infringe the '451 patent, including at least claims 1 and 5 of the '451 patent.

12.     Defendant directly or through intermediaries, makes, has made, uses, imports, provides, supplies, distributes, sells, and/or offers for sale products and services that infringe one or more claims of the '451 patent in this judicial district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, offers for sale, and/or sells their product and/or service entitled YPMate Live Sex Cams and other similar streaming media services which directly infringe the '451 patent.

13.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial and in no event less than a reasonable royalty, together with interest and costs fixed by this Court.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NAI demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Network Architecture Innovations LLC demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '451 patent;

B.     An award of damages to be paid by Defendant adequate to compensate NAI for Defendant's past infringement of the '451 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

     D.     An award to NAI of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated: June 24, 2015                         DEVLIN LAW FIRM, LLC

*/s/ Robert Kiddie*
Robert Kiddie
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
Delaware Bar No. 4241
tdevlin@devlinlawfirm.com
DEVLIN LAW FIRM, LLC
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
LEAD COUNSEL

*Attorneys for Plaintiff*
NETWORK ARCHITECTURE INNOVATIONS LLC